Haight, J.
—Oh the 4th day of May, 1885, the defendant issued to Henry A. Bruton a policy of insurance providing that, ' ‘ In consideration of the representations and agreements in the printed and written application for this policy respecting the person named in the schedule hereinafter contained, which said application is hereby referred to and made a part of this contract, and in consideration of the payment to said company on or before the date hereof of the premium mentioned in said schedule, and of a like weekly premium to be paid on or before each and every month subsequent to said date during the life of the person insured, doth hereby agree to pay to the person or persons designated in condition fifth herein upon receipt of proofs satisfactory to said company of the death of said insured, the sum of money stipulated in said schedule under the words, ‘ amount of insurance,’” etc.
Underneath, and upon the same page, enclosed in black lines, appear the words “ schedule above referred to;” and *582 underneath that, “name of person whose life is insured under this policy; ” and underneath that appears written the name “ Henry A. Bruton; ” and under the words “ amount , of insurance if above life is rated at or over twelve years of age,” appear the figures with the dollar mark “500” and printed thereunder the following: “ one-fourth only of the above sum payable if death occur after three calendar months and within six calendar months from date; one-half only of the above sum payable if death occurred after six calendar months, and within one year; and the full amount only if, death occur after one year, except in case of consumption, when but one-half the amount which would otherwise be due, would be payable if death occurred during the first year. No benefits will be due or payable if death occur within three calendar months from date.”
It further appears from the facts agreed upon, that the said Henry A. Bruton was drowned in Lake Erie, on the 2d day of July, 1885, by the capsizing and foundering of a yacht which he was sailing from Dunkirk to Buffalo. Thereupon the plaintiff, his widow, presented proofs of death, but payment was refused by the defendant upon the ground that the death had occurred within three months after the policy was issued.
It is contended on the part of the plaintiff that the policy is for $500, and that that amount is not qualified by the provision quoted, and in the second place that the provision is repugnant to the main body of the policy.
It is quite true that the policy is for $500, but it is equally true that the $500 written in the policy precedes, and is, in connection with the conditions, to the effect that one-fourth only is payable if death occur after three months, and within six months, and that no benefits will be due or payable if death occur within three months. These provisions are clear and distinct and are not ambiguous in meaning and the court has no power to strike them out or to separate them from the other provisions of the contract, and then compel the parties to execute it, for by so doing it would be making a contract for the parties different from that which they had made for themselves. Nor do we understand these provisions to be repugnant to or inconsistent with the other provisions of the policy. The premium to be paid was but thirty-eight cents a week; if paid for three months the premium would amount to $3.60. The insurance in this case is upon the industrial plan, the object and purpose of which was to furnish insurance to the laboring and poor people who were unable to have other insurance. The parties had the right to agree that the insurance should not be paid until a certain amount of premium had been paid. In this case it was graded by providing for the payment of the one-fourth of the amount insured in case death *583 should occur after three months, one-half if death should occur after six months, arid the whole if death should occur after one year. There is nothing in this which is repugnant to or in conflict with the body of the policy.
We are consequently of the opinion that under the express provisions of the contract no amount became due in case the death occurred within three months, and that judgment must be ordered for the defendant, but without costs.
Barker, P. J., Bradley and Dwight, JJ., concur.